## Walter C. Coen, Plff. in Err., *v.* John H. Adamson.

Where the plaintiff, with his brother, leased a building for the year beginning April 1, 1882, occupying a portion thereof for a grocery and subletting the balance, and on the first of January, 1883, the plaintiff purchased his brother's interest, and on the 6th day of February, 1883, the defendant purchased the grocery business of the plaintiff, having already acquired the building in which the grocery was located, and in his contract of purchase he agreed "to pay all rents on building where goods are found for which said Coen (the plaintiff) is liable, and to receive all rents coming to said Coen on the above named building, from the day of the completion of the invoice until the first day of April, 1883," the defendant was liable to pay the rent on the premises only for the time during which he received rents from the plaintiff's tenants; that is from the day of the completion of the invoice until the 1st day of April, 1883. As there was no ambiguity in the written contract, all oral testimony was properly excluded.

(Argued October 6, 1887.  Decided October 25, 1887.)

October Term, 1887, No. 108, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of Greene County brought by the plaintiff below to review a judgment in his favor for an amount less than that claimed by him in an action of assumpsit. Affirmed.

Uriah Inghram, in the year 1882, and prior thereto, was the owner of a building in Waynesburg, Pa., which he let for stores, shops, etc. He leased the whole building, by written agreement, to Walter C. Coen and Silas Coen for the year beginning April 1, 1882, and ending April 1, 1883, for the annual rent of $400. These lessees occupied a portion of the building for a grocery and sublet the balance to other business men. About the 1st of January, 1883, Silas Coen sold his interest in the grocery business and in this lease to his partner, Walter C. Coen, the plaintiff in error, who continued to occupy it in his grocery business—the subtenants remaining as before.

Some time in the latter part of 1882, Uriah Inghram sold the real estate to W. S. and J. H. Adamson.

February 6, 1883, J. H. Adamson, the defendant, purchased the grocery business of Walter C. Coen, the plaintiff. The article of agreement was written by James Hunt, brother-in-law of Walter C. Coen, the plaintiff, and was executed in duplicate, each party receiving one of the duplicate copies, said article being as follows:

Article of agreement, made and entered into this 6th day of February, 1883, between W. C. Coen and J. H. Adamson, both of Waynesburg, Greene county, Pa., Witnesseth: That the said Coen sells to said Adamson his entire stock of goods and fixtures except rotten apples and potatoes, wagon and harness, fish, empty packages, and $300 worth of furniture or fixtures as said Adamson will name. For which the said Adamson agrees to bind himself to pay the said Coen cost and carriage for said stock of goods and fixtures, except rotten apples and potatoes, wagon and harness, fish, empty packages, and furniture or fixtures to the amount of $300. All goods belonging to bake house to be invoiced at $20. Said Adamson further agrees to furnish wareroom for the storage of the above-named $300 worth of furniture or fixtures free of charge until said Coen calls for them, at said Coen's risk after leaving storeroom. The invoice of the above-named stock of goods to commence on the 7th day of February, 1883, and to continue until done. Said Adamson agrees to pay said Coen $500 when the invoice is completed, and $200 within five days thereafter, if demanded by said Coen, and secure the balance of purchase money by approved security. All payable before the 1st day of April, 1883. Said Adamson further agrees to pay all rents on building where goods are found for which said Coen is liable, and to receive all rents coming to said Coen on the above-named building, from the day of the completion of the invoice until April 1, 1883. The keys of the storeroom to be left with some disinterested person from the commencement of the invoice until the completion of the above agreement.

In witness whereof the parties to this agreement have set their hands this 6th day of February, 1883.

W. C. Coen,
J. H. Adamson.

The invoice was completed on or about February 10, 1883, and Adamson immediately went into possession of the grocery and premises, and paid Coen the whole of the purchase money, substantially according to their agreement.

Adamson received the rents from the subtenants from the date of the completion of the invoice up until April 1, 1883, and has always been willing and ready to pay the amount of rent for which Coen was liable to Inghram, for the same time. Coen refused to accept this and brought this suit to recover $400 (the full amount of rent due and paid by him to Inghram for the year beginning April 1, 1882, and ending April 1, 1883), alleging that the whole of said rent was unpaid at the execution of the Coen-Adamson agreement, and that by the terms of their written agreement Adamson had bound himself to pay the same.

On the trial plaintiff offered in evidence an article of agreement between Uriah Inghram and Walter C. Coen and Silas Coen, dated January 25, 1882, for the rental of the building for the year ending April 1, 1883, in which the store sold by the plaintiff to the defendant was kept, for the purpose of showing the amount of rent the plaintiff was to pay to the said Inghram for the said building, this to be followed by evidence that the whole of the rent was unpaid at the time the article of agreement was entered into for the sale of the store by the plaintiff to the defendant on the 6th day of February, 1883.

Defendant objected to the whole of the offer, except in so far as it was made to show the amount of rent payable from Coen Bros. to Uriah Inghram, and the fact that the same was paid by Coen Bros.

By the Court: The objection, so far as it goes to anything beyond the amount of the rent due to Mr. Inghram and by whom it was paid, is overruled; but the objection is sustained as to the balance of the offer, and an exception sealed for the plaintiff. [1]

The plaintiff offered to prove "that he informed the defendant when they were negotiating for the sale of the goods that the whole of the $400 rent to Mr. Inghram was unpaid, and that the plaintiff proposed to sell to the defendant his entire stock of goods, including the delivery wagon, fixtures and furniture, and a lot of decayed apples and a large quantity of fish, at cost and carriage, and a bonus of $150, and give possession of the building at once; and the defendant to receive the rent from

the occupants of the building from that date to the 1st of April, 1883, and the defendant to pay the rent to Mr. Inghram from that date to April 1, 1883; and the defendant rejected said proposition, and proposed to take the goods as stated in the agreement of February 6, 1883, and plaintiff to keep the several articles as specified in said agreement, and the defendant to receive the rent from the occupants of the building to April 1, 1883, and the defendant to pay all the rent on the building to Mr. Inghram for which the plaintiff was liable, namely, $400. This for the purpose of showing that the defendant, when he signed the article of agreement of February 6, 1883, knew the amount of rent he was agreeing to pay to the said Uriah Inghram; and for the further purpose of showing the consideration for which said defendant agreed to pay all the rents on said building where the goods were for which said Coen was liable for the $400. This in connection with the agreement already in between the plaintiff and defendant of February 6, 1883, given in evidence, wherein the defendant agrees to pay in the following words: 'Said Adamson further agrees to pay all rents on the building where the goods are found for which said Coen is liable.' This for the purpose of showing the extent of the plaintiff's claim under this agreement."

Defendant objected, "first, that the evidence is incompetent and irrelevant; second, the contract being in writing, the writing is the best evidence, and the plaintiff cannot show anything to contradict or vary such written agreement unless he has first shown that there was fraud, accident, or mistake in the execution of it; third, the court should exclude all parol testimony going to contradict, alter, or vary the terms of the contract from those embraced in the writing, until the plaintiff has produced clear, explicit, and unquestionable evidence of some mistake, fraud, or accident in the execution of said contract; fourth, in attempting to show fraud, accident, or mistake in the execution of the contract, the plaintiff can only show it by proof of what took place at the execution of such contract."

By the Court: The objections are sustained and an exception sealed for the plaintiff. [2]

The plaintiff, in connection with the foregoing offers, offered "to prove that Mr. Adamson knew when they made the contract and executed it on the 6th day of February, 1883, that Coen was liable to Inghram for $400 rent on the building, and in

consideration Mr. Coen was to keep the fixtures and furniture and other articles named in the agreement—that he agreed to pay the $400, and this for the purpose of showing that the rent that Adamson agreed to pay in the article of agreement on the building was the sum of $400."

The defendant renewed his objections.

By the court: Objections sustained and exception sealed for the plaintiff.    [3]

The plaintiff submitted the following point:

"The court is respectfully requested to charge the jury on behalf of the plaintiff as follows: That under all the evidence in this case the plaintiff is entitled to recover $400 with interest from September 12, 1883."

*Ans.* Refused. [4]

The court, INGHRAM, J., charged the jury, *inter alia,* as follows:

"The defendant, J. H. Adamson, denies the right of the plaintiff to recover the amount he claims under the article of agreement, but does not deny the right of the plaintiff to recover that portion of the rent due from the time of the completion of the invoice to the 1st of April.    In other words, he does not deny his liability for the rent due from the time he took possession of the store and occupied the room down to the end of Mr. Coen's term, which was the 1st of April, 1883.    From the time of the completion of the invoice down to the end of Mr. Coen's term he does not deny his liability, but he does deny the right of the plaintiff to recover any greater amount than that proportion of the amount due Mr. Inghram; and we take the view that the defendant's claim is the correct view of the agreement entered into on the 6th day of February, 1883, between himself and Coen; and you have heard the agreements read, and we have been requested by both the defendant and the plaintiff to give you certain instructions concerning those agreements, and they will be binding upon you.

"The parties do not disagree about the amounts, and we have been requested to instruct you on the part of the plaintiff: 'That under all the evidence in this case the plaintiff is entitled to recover $400, with its interest from the 12th day of September, 1883.'    As we have already said to you, that point is not correct, and will be refused;  .  .  .  but we instruct you that

the plaintiff is entitled to recover the sum of $66.82, that being the amount agreed upon between the parties as due from Coen to Uriah Inghram from the completion of the inventory down to the 1st of April, 1883. There being no dispute about the amount, there will be no question for the jury; and we instruct you that the plaintiff is entitled to a verdict at your hands for that amount; and with your consent the prothonotary will take your verdict for $66.82." [5]

The jury thereupon returned a verdict in favor of plaintiff for $66.82, and judgment having been entered thereon plaintiff took this writ, assigning for errors: 1–3, The action of the court in sustaining objections to offers of evidence; 4, the refusal of his point; and 5, the portions of the charge above set forth.

*A. A. Purman,* for plaintiff in error.—The writing of February 6, 1883, refers to the liability of the plaintiff for all rents on the building where goods were found, and which plaintiff sold and delivered to defendant; hence, the liability of plaintiff for rent on the building where the goods were at the date of the sale, to whom he was liable, and the amount for which he was liable, were all a part of the *res gestæ.* 2 Wharton, Ev. § 1015; Wells, Questions of Law & Fact, § 49; 1 Greenl. Ev. §§ 285, 286; Miller v. Fichthorn, 31 Pa. 252; Young v. Com. 28 Pa. 504.

As far back as 1750 the King's Bench held, in Jones v. Newman, 1 W. Bl. 60, that parol objections may be encountered by parol evidence; and this court, in 1835, held, in Ellmaker v. Ellmaker, 4 Watts, 90, that a marriage settlement would not exclude the wife from a share in the personal estate under the statute of distribution. The parol evidence offered in this case is not inconsistent with the terms of the writing of February 6, 1883. 2 Wharton, Contr. §§ 660, 661, 910.

This contention is between the original parties; hence, the writing may be helped by averments and parol proof to carry into effect what the parties meant, no matter what are the words they have used. 1 Wharton, Contr. § 202.

The parol evidence offered in this case tended to explain and define the subject of the writing of February 6, 1883, *i. e.,* "all rents on building where goods are found for which said Coen is liable," and was therefore admissible. Centenary M. E. Church v. Clime, 116 Pa. 146, 9 Atl. 163.

Intention is a question of fact, and may be averred and helped by parol evidence. Moss v. Riddle, 5 Cranch, 351, 3 L. ed. 123; Clift v. White, 12 N. Y. 538.

It was the duty of the court to submit to the jury the writing of February 6, 1883, and of January 25, 1882, and the admissions of the defendant, to find out how much the plaintiff was entitled to recover. Crossman v. Hilltown Turnp. Co. 3 Grant Cas. 225; M'Kean v. Wagenblast, 2 Grant Cas. 463; Sidwell v. Evans, 1 Penr. & W. 388, 21 Am. Dec. 387; Reynolds v. Richards, 14 Pa. 206; Shamokin Valley R. Co. v. Livermore, 47 Pa. 465, 86 Am. Dec. 552; Centenary M. E. Church v. Clime, 116 Pa. 146, 9 Atl. 163; Gould v. Lee, 55 Pa. 99.

*R. F. Downey,* for defendant in error.—-The sole question raised by the record in this case is whether the plaintiff is entitled to recover from the defendant, under the article of February 6, 1883, the rent of the Inghram building for the full year beginning April 1, 1882, and ending April 1, 1883, or whether he is only entitled to recover the rent from the date of the completion of the invoice up to April 1, 1883.

The court did not err in rejecting the evidence of the plaintiff, offered "for the purpose of showing the extent of his claim under the agreement." There was no ambiguity in the paper; and it has always been held that in such cases it is the duty of the court alone to put a construction upon written instruments. Bryant v. Hagerty, 87 Pa. 261; Denison v. Wertz, 7 Serg. & R. 376; Collins v. Rush, 7 Serg. & R. 151; Reaney v. Culbertson, 21 Pa. 512; Gass's Appeal, 73 Pa. 46, 13 Am. Rep. 726; Heath v. Page, 48 Pa. 143.

It has been held that even where there is ambiguity on the face of the printed or written document it is for the judge to explain. Beatty v. Lycoming County Ins. Co. 52 Pa. 457.

But even where there may be extrinsic facts to be ascertained they must be such facts as are doubtful or disputed. Edelman v. Yeakel, 27 Pa. 30.

Parol evidence is not admissible to alter or contradict what is written, upon the very obvious principle that the writing is the best evidence of the intention of the parties. Gould v. Lee, 55 Pa. 108.

The court having held that the language of the agreement meant that Adamson was only to pay rent from the completion

of the invoice up until April 1, 1883, to have admitted parol evidence to show that he was to pay rent for the whole year would certainly be an attempt to vary and alter the terms of the writing, or to show that it meant something else than was therein written, and this could not be done. Centenary M. E. Church v. Clime, 116 Pa. 146, 9 Atl. 163.

Not only this, but the plaintiff in his answer does not allege that there was either fraud, accident, or mistake in the execution of the paper.

In the case of Bowman v. Tagg, 5 Sad. Rep. 74, it was held that "where parties without any fraud or mistake have deliberately put their engagements in writing, the law declares the writing to be, not only the best, but the only evidence of their agreement." See also Albert v. Ziegler, 29 Pa. 50; Martin v. Berens, 67 Pa. 461; Thorne v. Warfflein, 100 Pa. 526.

But even if the plaintiff had alleged that there was fraud or mistake in the execution of the contract, the offer does not propose to establish what occurred at the execution of the agreement, but what occurred previous thereto: and this he cannot do. Stine v. Sherk, 1 Watts & S. 195; Pennsylvania R. v. Shay, 82 Pa. 203; Caley v. Hoopes, 86 Pa. 493.

PER CURIAM:

We agree with the learned judge of the court below in his construction of the contract involved in this suit. Its terms are plain and obvious. Adamson was to pay the rent on the premises for the time only during which he received rent from Coen's tenants,—that is, from the day of the completion of the invoice until April 1, 1883; and as the case depended on the interpretation of an unambiguous written contract, all oral testimony was properly excluded. Under this view of the case, none of the plaintiff's exceptions can be sustained.

The judgment is affirmed.